**CES PUBLISHING CORP., Plaintiff,**

v.

**ST. REGIS PUBLICATIONS, INC., Defendant.**

No. 75 Civ. 218.

United States District Court, S. D. New York.

April 1, 1975.

Botein, Hays, Sklar & Herzberg, New York City, for plaintiff; Harry I. Rand, Julian L. Weber, Anthony S. Kaufman, New York City, of counsel.

Davis, Gilbert, Levine & Schwartz, New York City, for defendant; Patricia Hatry, Howard P. Peck, New York City, of counsel.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

This case is predicated upon an alleged violation of the Lanham Trade-Mark Act, 15 U.S.C. 1125(a), with pendant jurisdiction being called upon to support an unfair competition claim under Section 368–d of the New York General Business Law.

Plaintiff publishes a trade magazine entitled "Consumer Electronics Monthly", which is directed to dealers in electronic products such as televisions, radios, phonographs, recorders, calculators, etc. The defendant has apparently brought out a new magazine, aimed at the same group which it calls "Consumer Electronics Products News", and which magazine the plaintiff claims infringes on its trademark and is "patently un-

fair, would lead to confusion among our readers and advertisers, and would gravely injure our business."

The term "Consumer Electronics" was registered on the Supplemental Register of Trademarks with coverage apparently limited to the "department of a trade news letter", the registration apparently having been issued to Television Digest, Inc. Thereafter, Television Digest, Inc. granted "an exclusive right" to use the term "Consumer Electronics" to Audio Times, Inc. Audio Times, Inc. is controlled by the same person who also controls the plaintiff herein. But neither Television Digest, Inc. or Audio Times, Inc. are parties to this action. The defendant has moved to dismiss this action for failure to join both as indispensable parties since the assignment of the right does not also give the right to enforce the trademark.

The defendant has also moved for this Court to delay any decision until pending proceedings to cancel the "Consumer Electronics" trademark are completed before the United States Patent and Trademark office.*

 It is unnecessary for me to resolve either of these questions for it is clear that "Consumer Electronics" is not and cannot be such a distinctive term as to become a trademark nor does the proof at this point show that there has been a secondary meaning built up by the term to identify the plaintiff's publication with the words "Consumer Electronics". It is true that the industry covering "consumer electronics" has grown by leaps and bounds in the last few years. Twice a year the industry takes a measure of its own growth by having a "trade fair". At such affairs there is distributed "Consumer Electronics Show Daily" and also "Television Digest with Consumer Electronics". The defendant indeed has published a gazette for more than a year entitled "CES Trade News Daily". (The abbreviation CES admittedly stands for "Consumer Electronics Show".)

Under the entire circumstances it is clear to me that "consumer electronics" as applied to a trade publication is merely a generic name and that as such it is not the subject of a valid trademark excluding others from the use of the words "consumer electronics".

The motion by plaintiff for a preliminary injunction is therefore denied. The motions by defendant are similarly denied since the record is not clear as to the open questions of proof. No costs are to be awarded to either party.

It is so ordered.

---

* This has been suggested before in other matters but on checking I have discovered that this would unduly delay the resolution of the issues.